**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENDURANCE SERVICES LIMITED, and SOMPO INTERNATIONAL HOLDINGS LTD., | Case No. 1:21-cv-07852-LGS-DCF |
| Plaintiffs, | **[PROPOSED]** STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |
| - against - | |
| WESTFIELD INSURANCE COMPANY, WESTFIELD SPECIALTY, INC., and JOHN AND JANE DOES 1-5, | |
| Defendants. | |

WHEREAS, the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with this action;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of

confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery or other material in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of this action) that a person has designated as "Confidential" or "Highly Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential or Highly Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential any Discovery Material or portion of Discovery Material that the Producing Party reasonably and in good faith believes contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the Producing Party, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) upon a document-

by-document request by a receiving Party with a showing of good cause, producing for future public use another copy of said Discovery Material with the Confidential information redacted.

4. The Producing Party may designate as Highly Confidential any Discovery Material or portion of Discovery Material that the Producing Party reasonably and in good faith believes, if known by another party or nonparty, would create a substantial risk of injury to the Producing Party that could not be avoided by less restrictive means.

5. With respect to the Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Highly Confidential" by: (a) stamping or otherwise clearly marking as "Highly Confidential – Attorney's Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) upon a document-by-document request by a receiving Party with a showing of good cause, producing for future public use another copy of said Discovery Material with the Highly Confidential information redacted.

6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential Information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "[Highly] Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 15 days after the deposition transcript is received from the reporter, of the specific pages and lines of the transcript that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.

During the 15-day period following receipt of a deposition transcript, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

7. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential.

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence.

9. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

   a. the Parties to this action, including employees of each Party where such disclosure is reasonably necessary to support the prosecution or defense of this case;

   b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter, as well as internal counsel who are employees of each Party;

   c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h. counsel retained to represent Daniel Wadley and Jeff Kulikowski in the arbitration proceeding captioned *Sompo International Holdings Ltd. v. Wadley, et al.*, provided such counsel has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

i. stenographers engaged to transcribe depositions the Parties conduct in this action; and

j. this Court, including any appellate court, its support personnel, and court reporters.

10. Where a Producing Party has designated Discovery Material as Highly Confidential, other persons subject to this Order may disclose such information to the persons

listed in paragraphs 9(b) through 9(e) and 9(g) through 9(j) only. Such Highly Confidential Discovery Material may also be disclosed to up to two in-house lawyers of a Party who: (a) do not have decision-making authority with respect to hiring and firing decisions and (b) have executed and agree to be bound by the Non-Disclosure Agreement in the form annexed hereto.

11. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 9(d), 9(f), or 9(g) above, or any Highly Confidential Discovery Material to any person referred to in subparagraphs 9(d) or 9(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either (a) before such person is permitted to testify (at deposition or trial), (b) at the conclusion of the case, or (c) upon request, whichever comes first.

12. Any party seeking to file any documents under seal, regardless of whether such documents contain Confidential or Highly Confidential Discovery Material, must do so in accordance with the procedures outlined in Rule I.D.3. of Judge Schofield's Individual Rules and Procedures for Civil Cases.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule III.C.3 of Judge Schofield's Individual Rules and Procedures for Civil Cases.

14. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with

particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule III.C.3 of Judge Schofield's Individual Rules and Procedures for Civil Cases.

15. Recipients of Confidential or Highly Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. In the event additional parties appear, join, or are joined in this action, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly appearing or joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

19. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the Producing Party of the same and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20. Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential or Highly Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

21. This Order will survive the termination of the action and will continue to be binding upon all persons to whom Confidential or Highly Confidential Discovery Material is produced or disclosed.

22. All persons subject to this Order acknowledge that willful violation of this Order could subject them to punishment for contempt of Court. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed, or designated as Confidential/Highly Confidential.

SO ORDERED

_[signature]_

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dated: November 15, 2021
New York, New York

SO STIPULATED AND AGREED.

Dated: November 11, 2021
New York, New York

| **PROSKAUER ROSE LLP** | **FOX ROTHSCHILD LLP** |
|---|---|
| /s/ *Steven M. Kayman* | /s/ *John J. Haggerty* |
| Steven M. Kayman | John J. Haggerty, Esq. (admitted *pro hac vice*) |
| Tiffany M. Woo | James C. Clark, Esq. |
| Javier F. Sosa (*pro hac vice* forthcoming) | 2700 Kelly Road Suite 300 Warrington, PA 18976 |
| 11 Times Square | Tel: 215.345.7500 |
| New York, New York 10036 | Fax: 215.345.7507 |
| (212) 969-3000 | JHaggerty@FoxRothschild.com |
| skayman@proskauer.com | JClark@FoxRothschild.com |
| twoo@proskauer.com | |
| jsosa@proskauer.com | *Attorneys for Defendants Westfield Insurance Company and Westfield Specialty Inc.* |
| James R. Anderson (*pro hac vice* forthcoming) | |
| One International Place | |
| Boston, Massachusetts 02110 | |
| (617) 526-9600 | |
| jaanderson@proskauer.com | |
| *Attorneys for Plaintiffs Endurance Services Limited and Sompo International Holdings Ltd.* | |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENDURANCE SERVICES LIMITED, and SOMPO INTERNATIONAL HOLDINGS LTD., <br><br> Plaintiffs, <br><br> - against - <br><br> WESTFIELD INSURANCE COMPANY, WESTFIELD SPECIALTY, INC., and JOHN AND JANE DOES 1-5, <br><br> Defendants. | Case No. 1:21-cv-07852-LGS-DCF <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____       _____